UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LIBERTY MUTUAL INSURANCE COMPANY | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO: 08-5166 |
| FLUOR ENTERPRISES, INC., ET AL | * | SECTION: "D"(3) |

### ORDER AND REASONS

Before the court is the following motion: **"Motion to Dismiss for Failure to Join a Party Under Federal Rule of Civil Procedure 19 and Based on Applicable Principles of Abstention" (Doc. No. 18)**, filed by Defendant, Westchester Fire Insurance Company (Westchester). Defendants, Fluor Enterprises, Inc. (Fluor) and Keith McLin, joined this motion, as well as Defendant, Great American Assurance Company, LP (Great American). (*See* Docs. Nos. 26, 27, 30 & 32). Plaintiff, Liberty Mutual Insurance Company, filed a memorandum in opposition.

The motion was set for hearing on Wednesday, July 1, 2009, on which date the court heard oral argument from counsel. Now, having considered the memoranda and argument of counsel, the record, and the applicable law, the court finds that the motion should be

denied.

### ***The Underlying Incident and State Court Litigation***

On or about August 25, 2006, a flash fire occurred in a FEMA trailer occupied by Jean Joseph and Bernard Mabry, II. (*See* Liberty Mutual's Amended Complaint at ¶24). As a result of this fire, allegedly, both Joseph and Mabry sustained serious injuries, and Mabry later died from his injuries. The incident spawned the following lawsuits which were filed in Civil District Court for the Parish of Orleans, State of Louisiana:

(1) *Jean Joseph, et al v. Fluor Corporation, et al*; and

(2) *Vernadine Mabry v. Fleetwood Enterprises, Inc., et al* and *Bernard Mabry, III, et al v. Fleetwood Enterprises, Inc., et al*.

(Amended Complaint at ¶ 25).

The named Defendants in these lawsuits included: MMR, Fluor and McLin. MMR and Fluor had allegedly entered into a Blanket Ordering Agreement related to the deliver and installation of the subject trailer. (Amended Complaint at ¶ 8 & 21). This Agreement required MMR: (1) to indemnify Fluor against certain claims related to the performance of its work under the Agreement; and (2) to procure and maintain insurance with certain specified limits for the duration of the Agreement and to name Fluor as an additional insured on MMR's general liability and umbrella policies. (*Id*. at

2

¶¶ 9-11).

McLin is allegedly employed by a wholly-owned subsidiary of Fluor Corporation, TRS Staffing. (*Id*. at ¶ 23). On or about August 22, 2006, McLin allegedly conducted the "lease-in" of the subject FEMA trailer. (*Id.*).

### *The Insurers*

Liberty Mutual issued to MMR a commercial general liability policy and an Umbrella Excess Liability Policy. (*Id*. at 12). Liberty Mutual assumed the defense of MMR and agreed to provide coverage for all liabilities that MMR may owe to the state court plaintiffs. (Liberty Mutual's Opp. Memo., Doc. No. 34, p. 5).

Fluor's primary insurer was CNA. (Amended Complaint at ¶29). Fluor's excess insurers were Westchester and Great American. (Amended Complaint at 19-20).

### *Status of the Underlying Joseph and Mabry Tort Suits*

The underlying *Joseph* suit has settled. Regarding this settlement, Liberty Mutual alleges that:

> On December 30, 2008, Fluor, CNA (Fluor's Primary), Westchester (Fluor's Excess), Great American (Fluor's Excess) and Liberty Mutual (MMR's Primary and excess) agreed to a settlement of the Joseph plaintiffs' claims against Fluor, McLin, MMR and other related parties ("the Settlement"). The Settlement exhausted the limits of the primary general liability insurance policy issued to Fluor.
>
> Under the Settlement terms, Liberty Mutual

3

> agreed to contribute $5 million towards the total settlement amount. With respect to $2 million of this payment, Liberty Mutual reserved its right to seek reimbursement, contribution and/or indemnity from Westchester. Liberty Mutual also reserved its right to seek reimbursement, contribution and/or indemnity from Great American.

(*Id.* at ¶¶29-30). The insurers including Liberty Mutual, Westchester and Great American) were not named Defendants in the *Joseph* suit.

The *Mabry* cases are ongoing, but due to the bankruptcy of Defendant Fleetwood Enterprises (the alleged manufacturer of the subject trailer), the underlying *Mabry* suits have been removed from state court and they are presently in Bankruptcy Court in the Eastern District of Louisiana. In the *Mabry* cases, Fluor and McLin have demanded defense and indemnification from Liberty Mutual against the Plaintiffs' claims. (*Id.* at 28). Fluor and McLin allegedly claim that: (1) the Blanket Agreement between MMR and Fluor constituted an "insured contract" under the Liberty Mutual policies, "such that MMR and thus Liberty Mutual, is obligated to defend and indemnify them;" and (2) Fluor and McLin are additional insureds under the Liberty Mutual policies. (*Id.*).[1]

Westchester and Great American are not parties in the *Mabry*

---

[1] Liberty Mutual agreed to defend Fluor while fully reserving its rights to deny coverage. (Amended Complaint at ¶28).

4

suits, and (after the filing of the federal suit) Liberty Mutual has purportedly been named as a third-party defendant by Fluor and McLin.[2]

### *The Instant Federal Suit*

In the instant federal suit, Liberty Mutual seeks a declaration that it has no duty to defend Fluor and/or McLin in the *Mabry* suit, and no duty to indemnify Fluor and/or McLin in the *Joseph* or *Mabry* suits.

Liberty Mutual also seeks to recover from Westchester and Great American (Fluor's excess insurers) $3 million of its settlement in the *Joseph* suit based on "contribution, subrogation, unjust enrichment, and/or all other applicable legal or equitable theories of relief." (*Id*. at ¶40 & Prayer).

### *Defendants' Instant Motion to Dismiss*

In the instant Motion to Dismiss, Defendants argue that Liberty Mutual's claims should be dismissed because, under Federal Rule of Civil Procedure 19, MMR (Liberty Mutual's insured) is required party plaintiff, but MMR cannot be joined without destroying the court's subject matter jurisdiction,[3] and the matter

---

[2] Liberty Mutual represents that it has not yet been served in the *Mabry* case.

[3] Liberty Mutual brings its suit under the court's diversity jurisdiction. It is uncontested that MMR is a Louisiana domiciliary, and Defendant McLin is allegedly a Louisiana domiciliary. Thus, joinder of MMR would destroy this court's diversity jurisdiction.

5

cannot proceed in equity and good conscience without MMR's participation. Westchester submits that all claims should be litigated in the underlying consolidated *Mabry* suit to avoid inconsistent obligations.

The court finds that a judgment in this case will determine: (a) which insurance company is responsible for the $3 million paid as part of the *Joseph* Settlement; and (2) which insurance company is obligated to defend and indemnify Fluor and McLin in the *Mabry* lawsuits. Thus, MMR is not a required party under Rule 19(a)(1)(A).

Further, there is no other forum to recover this relief. Because the *Joseph* suit has settled, there is no other litigation within which to resolve the $3 million settlement liability issue. Further, Westchester and Great American are not parties to any of the underlying state litigation. Liberty Mutual has purportedly been named in a third-party claim by Fluor and McLin in the *Mabry* suits, but purportedly has not yet been served. Additionally, the *Mabry* lawsuits are presently in bankruptcy court.

MMR has also not claimed an interest in whether Liberty Mutual, Westchester or Great American defends and indemnifies Fluor and McLin. Liberty Mutual further represents that it "is fully defending and indemnifying MMR for all alleged liability to the tort plaintiffs in the underlying action." (Liberty Mutual Opp.,

Doc. No. 34, p. 10). The issue litigated in this case is the insurers' obligations to Fluor and McLin, not to MMR. Thus, MMR is not a required party under Rule 19(a)(1)(B)(I).

Next, the court finds that there is no risk of double, multiple or inconsistent obligations under Rule 19(a)(1)(B)(ii). The underlying *Joseph* case is over. Thus, if this court holds that Westchester and Great American must reimburse Liberty Mutual for the *Joseph* settlement (or not), the matter ends. In the underlying *Mabry* litigation, Westchester and Great American are not parties (but they are parties in this federal suit). As to the insurance coverage issues, if this court decides in Liberty Mutual's favor, then Westchester and Great American must defend and indemnify Fluor and McLin in that litigation. If the court decides against Liberty Mutual, Liberty Mutual may have to defend and indemnify Fluor and McLin if the policies are not exhausted.[4]

Next, the court finds that the Rule 19(b)(1) factor favors proceeding this action without MMR. A judgment rendered without MMR will not prejudice MMR or the existing parties. Again, Liberty Mutual is defending and indemnifying MMR for all liability it may have to the state court plaintiffs. (Liberty Mutual Opp., Doc. No. 34 at p. 14). Further, Liberty Mutual represents that MMR is not

---

[4] The court recognizes that in deciding the coverage issues in this case, the court will have to make certain factual determinations.

being asked by any party to contribute to the *Joseph* settlement. (*Id.*). And no matter which insurer wins in this case, Fluor (and McLin) will be defended and indemnified by one of the insurance carriers. (*Id.*). Thus, a judgment rendered here (in the absence of MMR) will be adequate under Rule 19(b)(3).

The court concludes that "in equity and good conscience" this matter should proceed. Rule 19(b). This federal case and the underlying state cases are not parallel. The Joseph case has settled, and in the *Mabry cases,* the issues of coverage and policy interpretation are not being litigated because Westchester and Great American are not parties. *Compare Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781 (5th Cir. 1997)(determination of insured's liability in state court suit is not prerequisite to a determination of coverage when state court case is strictly a personal injury action to which insurer was not a party). Refusing to exercise jurisdiction here would needlessly require Liberty Mutual to file another action in state court to address coverage issues.

Finally, the Defendants alternatively argue that the court should dismiss or stay this federal case based on applicable principles of abstention. Because this is a declaratory action in which Liberty Mutual also seeks coercive relief ($3 million in damages), the court analyzes Defendants' abstention argument under

the *Colorado River* doctrine[5] and finds that there are no "exceptional circumstances" that warrant abstention or a stay. Indeed, under the circumstance presented here, the court has a "virtually unflagging" obligation to exercise jurisdiction. *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976); *Southwind Aviation, Inc. v. Berger Aviation, Inc.*, 23 F.3d 948 (5th Cir. 1994).

Accordingly;

**IT IS ORDERED** that the **"Motion to Dismiss for Failure to Join a Party Under Federal Rule of Civil Procedure 19 and Based on Applicable Principles of Abstention" (Doc. No. 18)**, filed by Defendant Westchester, and joined by Defendants, Fluor, McLin, and Great American, be and is hereby **DENIED**.

New Orleans, Louisiana, this **2nd** day of **July**, **2009**.

A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[5] *New England Ins. Co. v. Barnett*, 561 F.3d 392, 396 (5th Cir. 2009).

9