UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 08-5166 |
| FLUOR ENTERPRISES, INC. AND KEITH MCLIN | SECTION: R |

**ORDER AND REASONS**

Before the Court is plaintiff Liberty Mutual Fire Insurance Company's motion for partial summary judgment regarding defendant Westchester Fire Insurance Company's duty to pay defense costs.[1] Finding that Liberty Mutual and Westchester were solidary obligors with respect to their duties to defend a common insured, and that no clear agreement discusses allocation of those defense costs, the Court grants Liberty Mutual's motion in all respects.

**I. BACKGROUND**

Pursuant to a contract with the Federal Emergency Management Agency (FEMA), Fluor Enterprises managed the delivery and installation of FEMA trailers following Hurricanes Katrina and Rita. MMR Contractors was one of Fluor's haul-and-install subcontractors under the FEMA contract. This case is a coverage

---

[1] R. Doc. 171.

action in which insurers of both Fluor and MMR are seeking to allocate costs following settlement of tort claims arising out of an August 2006 FEMA trailer fire that badly injured Jean Joseph and killed her friend, Bernard Mabry II.

At this stage in the proceedings, there is no dispute that insurers Liberty Mutual and Westchester each bore an obligation to defend Fluor and McLin[2] after settlement in the *Joseph* lawsuit exhausted both the limits of Fluor's Commercial General Liability (CGL) policy with Continental Casualty Company, and the limits of MMR's CGL policy with Liberty Mutual, under which Fluor was covered as an additional insured.[3] Liberty Mutual voluntarily assumed its duty to defend Fluor in the *Mabry* lawsuits under its excess policy, while Westchester was found to owe a similar duty in an earlier opinion issued by Judge McNamara, which the Court adopts *in extenso*.[4] Despite Judge McNamara's ruling, Westchester

---

[2] Where an insurer owes a duty to defend Fluor, it owes a similar duty to defend McLin, an employee of a Fluor subsidiary. Hereafter, the Court will denote obligations as to both Fluor and McLin as obligations to "Fluor" only, for the sake of simplicity.

[3] The issue of the parties' duties to defend is distinct from that of their respective obligations as to the sum paid in settlement. "An insurer's obligation to defend is determined by the petitioner's allegations and is broader than its exposure for liability claims," and thus, when "coverage is questionable, the insurer must defend regardless of the outcome of the litigation." *Jeansonne v. Quinn*, 673 So. 2d 1100, 1103 (La. App. 5th Cir. 1996).

[4] *See* R. Doc. 137 at 19 (order of Judge McNamara). Judge McNamara's ruling did not address division of the defense costs, as that issue was not raised.

has to this point refused to contribute to Fluor's defense in the *Mabry* suits. From the date of the *Joseph* settlement and exhaustion of Fluor's primary policies (December 30, 2008) to the date that the *Mabry* lawsuits settled (March 29, 2010), Liberty Mutual has spent $555,662.48 in defense of Fluor alone.

The Liberty Mutual excess policy contains a provision entitling Liberty Mutual to subrogation in connection with payments made to the insured, defense costs included:

> If the insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The insured will do all that is necessary to secure such rights.[5]

In connection with the March 2010 *Mabry* settlements, Fluor assigned to Liberty Mutual its claim against Westchester for defense costs in the *Mabry* suits. Liberty Mutual now seeks a judgment from this Court that Westchester is obligated to share equally in these defense costs.

**II. STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[5] R. Doc. 171-5 (LM-Umbrella at 40).

322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting Wright & Miller, *Fed. Prac. and Proc. Civ.* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325. *See also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

Under Louisiana law, an obligation can be either joint,[6] several,[7] or solidary.[8] Solidary obligations render each obligor liable for the entire performance. La. C.C. art. 1794. Each solidary obligor is responsible for his virile portion, and one who has rendered the whole performance may claim from the other obligors the virile portion of each, but no more. La. C.C. art. 1804. Solidarity shall not be presumed, however, and it arises only from a clear expression of the parties' intent or from operation of the law. La. C.C. art. 1796.

In this case, both Liberty Mutual and Westchester owed a duty to defend Fluor in the *Mabry* lawsuits once Fluor's primary policies were exhausted. Liberty Mutual asserts that this "shared obligation makes them solidary obligors" and entitles Liberty Mutual to contribution from Westchester for the costs it incurred

---

[6] "When each of different obligors owes a separate performance to one obligee, the obligation is several for the obligors.... A several obligation produces the same effects as a separate obligation owed to each obligee by an obligor or by each obligor to an obligee." La. C.C. art. 1787.

[7] "When different obligors owe together just one performance to one obligee, but neither is bound for the whole, the obligation is joint for the obligors. When one obligor owes just one performance intended for the common benefit of different obligees, neither of whom is entitled to the whole performance, the obligation is joint for the obligees." La. C.C. art. 1788.

[8] "An obligation is solidary for the obligees when it gives each obligee the right to demand the whole performance from the common obligor." La. C.C. art. 1790.

defending Fluor in the *Mabry* lawsuits.⁹ Were the obligations several instead of solidary, however, they would be governed by general contract law, *Fremin v. Collins*, 194 So. 2d 470, 474 (La. App. 4th Cir. 1967); *Travelers Ins. Co. v. Acme General Contractors, Inc.*, 152 So. 2d 642, 643 (La. App. 2d Cir. 1963), and Liberty Mutual would not be entitled to contribution from Westchester, absent a contractual relationship between those parties.

In Louisiana, "a solidary obligation exists when the obligors (1) are obliged to the same thing, (2) so that each may be compelled for the whole,¹⁰ and (3) when payment by one exonerates the other from liability toward the creditor." *Bellard v. Am. Cent. Ins. Co.*, 980 So. 2d 654, 663-664 (La. 2008) (citing *Hoefly v. Government Employees Ins. Co.*, 418 So. 2d 575, 576 (La. 1982)). Applying these prerequisites, the Louisiana Supreme Court has found solidary liability to exist between an uninsured motorist carrier and the employer and/or its workers' compensation insurer, *Bellard*, 980 So. 2d 654; between an uninsured motorist carrier and a tortfeasor, *see Hoefly*, 418 So.

---

⁹ R. Doc. 171-1 at 6.

¹⁰ This is not to say that solidary obligors must be liable for the entirety of the debt. *See Bellard v. Am. Cent. Ins. Co.,* 980 So. 2d 654, 666 (La. 2008) ("[P]arties may be solidarily liable although their liability is in different amounts.") (citing *Am. Bank and Trust Co. v. Blue Bird Restaurant & Lounge, Inc.*, 290 So. 2d 302, 306 (La. 1974); *Narcise v. Ill. Central Gulf Railroad Co.*, 427 So. 2d 1192 (La. 1983)).

2d 575; between a railroad company liable to its employee under the Federal Employer's Liability Act and a tortfeasor, *Narcise v. Ill. Cent. Gulf R.R. Co.*, 427 So. 2d 1192 (La. 1983); and between an employer and a third party tortfeasor, *Williams v. Sewerage & Water Board of New Orleans*, 611 So.2d 1383 (La. 1993). In each instance, the Court emphasized that "it is the coextensiveness of the obligations for the same debt which creates the solidarity of the obligation."[11] *Bellard*, 980 So. 2d at 664 (citing *Hoefly*, 418 So. 2d at 576; *Williams*, 611 So. 2d at 1386; *Narcise*, 427 So. 2d at 1195).

In this case, Liberty Mutual and Westchester both are liable for the whole of Fluor's defense costs in the *Mabry* lawsuits. But Liberty Mutual bore the additional obligation of defending its named insured, MMR, in the same matter – an obligation that Westchester did not have. Thus, Westchester argues that it cannot be liable for the "whole performance," since Liberty Mutual's "performance" includes the defense of MMR. Certainly, Westchester is not liable for any portion of the defense of a party that it did not insure. But the sum spent in Fluor's defense represents an obligation to which Liberty Mutual and Westchester (1) are

---

[11] Contrary to Liberty Mutual's assertions, *see* R. Doc. 224 at 9, "[a]n obligation may be solidary though it derives from a different source for each obligor." *Bellard*, 980 So. 2d at 665 (quoting La. C.C. art. 1797). Thus, that Liberty Mutual's and Westchester's obligations derive from different contracts is of no moment.

8

both obliged (2) for the whole (3) such that either's provision of a defense would exonerate the other from liability to Fluor for that defense. See *Bellard*, 980 So. 2d at 663-664 (listing three prerequisites for solidary liability). Thus, Westchester is liable for its virile portion of expenses pertaining to the defense of Fluor alone. *See Jensen v. Snellings*, 1991 U.S. Dist. LEXIS 2356, at *7 (E.D. La. 1991) (finding insurers "solidary obligors to their mutual insured" when, "with respect to the defense obligations, the policies are identical"). *Cf. Bellard*, 980 So. 2d at 666 ("To the extent the elements of damage recoverable from the uninsured motorist carrier and the workers' compensation insurer are co-extensive, the uninsured motorist carrier and the workers' compensation insurer are solidarily liable."); *Narcise*, 427 So. 2d at 1195 ("While one item of damages may be recoverable against one debtor and not the other, the parties are liable *in solido* as to every item for which plaintiff can compel payment from either.").

Westchester seems to have assumed that Liberty Mutual's defense of MMR and defense of Fluor are not separable. This is, of course, an incorrect assumption. Liberty Mutual's duties to defend MMR and Fluor are conceptually distinct, and there were separate costs for each representation. *Fluor* chose its own counsel, and in the time between the settlements of the *Joseph* and the *Mabry* lawsuits, Liberty Mutual paid $555,662.48 to

Fluor's counsel for the defense of Fluor exclusively. Fluor's counsel did not defend MMR or any other parties in the underlying litigation. Because Liberty Mutual and Westchester are solidary obligors with respect to their duties to defend Fluor, and because Liberty Mutual rendered the whole performance, it is now subrogated to the rights of the obligee and entitled to its virile portion from Westchester.

Finally, the Court must decide how these defense costs are to be allocated. When a solidary obligation arises from a contract, "virile portions are equal in the absence of agreement or judgment to the contrary." La. C.C. art. 1804. Although Liberty Mutual's and Westchester's policies both contain "other insurance" provisions that address allocation among insurers in the case of a loss, at least one Louisiana court has found that defense costs are not included within the ambit of losses to which such clauses apply. *See Vaughn v. Franklin*, 785 So. 2d 79, 89 (La. App. 1st Cir. 2001) (finding that an "other insurance" clause applies only to indemnification and "has nothing to do with defense costs"). Westchester has not provided the Court with any cases to the contrary, asserting merely that an insurer's duty to defend "is found in the insuring agreement and is a loss under same." Westchester has pointed to no policy provision that supports this argument and has referred to a single page of its policy that is inapposite to this issue. Accordingly, it has

given the court no reason to find that the "other insurance" provisions apply to defense costs.

When insurers owe a co-equal duty to defend, they also share the cost of that defense equally, absent a clear agreement to the contrary. *See* La. C.C. art. 1804. Thus, the Court finds that Westchester is to share equally in the cost, borne by Liberty Mutual, of defending Fluor following settlement of the *Joseph* lawsuit.

**VI. CONCLUSION**

For the foregoing reasons, the Court GRANTS Liberty Mutual's motion in all respects.

New Orleans, Louisiana, this 27th day of January, 2012.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE